**INTERNATIONAL UNION UNITED MINE WORKERS OF AMERICA,**
Plaintiff,

v.

**BIG HORN COAL COMPANY, a**
Wyoming corporation,
Defendant.

No. C88–0254J.

United States District Court,
D. Wyoming.

July 6, 1989.

Shoumaker & Murphy, Sheridan, Wyo., and Longshore, Nakumura & Quinn, Birmingham, Ala., for plaintiff.

Holland & Hart, Denver, Colo., and Holland & Hart, Cheyenne, Wyo., for defendant.

## ORDER RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

JOHNSON, District Judge.

The plaintiff, United Mine Workers of America, brings this action seeking an order to compel Big Horn Coal Company to arbitrate certain grievances the union filed on behalf of 18 workers the company discharged after the collective bargaining agreement between these parties had expired. The company, which discharged these workers for alleged strike misconduct, refused to arbitrate the grievances because the dismissals occurred after the expiration of the parties' collective bargaining agreement. The matter is now before the court on the parties' cross-motions for summary judgment.

The union and the company were parties to a collective bargaining agreement that expired on June 1, 1987. After they attempted to negotiate a new agreement, the company, on July 1, 1987, unilaterally implemented working terms and conditions contained in its last offer to the union,

which stated that "[a]s previously indicated all other provisions of the 1984 labor agreement not hereinbefore mentioned remain in effect under our offer." The company's employees continued working under this offer until October 5, 1987, when the local union commenced an economic strike at the company's Sheridan, Wyoming, mine. The strike continued until June 27, 1988, when the employees unconditionally agreed to return to work. The company, however, refused to reinstate 18 of its former striking employees for allegedly engaging in serious strike misconduct.

Pursuant to the arbitration provision of the expired collective bargaining agreement, the union immediately filed grievances on behalf of the 18 discharged employees. After the parties processed the grievances without resolution, the union demanded arbitration under the expired agreement, which prohibited the company from discharging its employees without just cause. When the company refused to arbitrate the grievances, the union filed this suit seeking to compel arbitration pursuant to § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). On cross-motions for summary judgment, the court must rule separately on each party's motion by independently determining whether a genuine issue of material fact exists. *SEC v. American Commodity Exchange, Inc.*, 546 F.2d 1361, 1366 (10th Cir.1976). The filing of cross-motions for summary judgment, however, "raises the inference that there is no evidence other than the pleadings and supporting instruments to be considered, and so the trial court need only examine those materials in ascertaining whether a material fact exists." *Id.* at 1366.

In *AT & T Technologies v. Communication Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) the Supreme Court articulated the four principles underlying the law of labor arbitration: (1) the duty to arbitrate is contractual so that a party cannot be compelled to arbitrate a dispute unless he has agreed to do so; (2) whether a dispute is arbitrable must be decided by the court, not the arbitrator; (3) the court must not decide the merits of the dispute; and (4) whenever a contract has an arbitration clause, the court must presume the parties intended to arbitrate unless the court determines " 'with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " 475 U.S. at 648–50, 106 S.Ct. at 1418–19 (quoting *Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960)). *See also Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford, Jr. University*, —— U.S. ——, 109 S.Ct. 1248, 1253–54, 103 L.Ed.2d 488 (1989) (discussing the strong federal policy favoring arbitration in contracts subject to the Federal Arbitration Act); *Nolde Brothers, Inc. v. Bakery and Confectionery Workers Union*, 430 U.S. 243, 254, 97 S.Ct. 1067, 1073, 51 L.Ed.2d 300 (1977) (discussing same policy in collective bargaining agreements containing arbitration clauses).

■ Although the duty to arbitrate a labor dispute is contractual, this duty is not automatically extinguished upon the expiration of the collective bargaining agreement. *Nolde Brothers*, 430 U.S. at 250–51, 97 S.Ct. at 1071–72. In *Nolde Brothers*, the employer went out of business after the collective bargaining agreement between it and the union expired. After the employer rejected the union's demand for severance pay, which was provided by the expired collective bargaining agreement, the union sought to arbitrate the dispute pursuant to the agreement's arbitration clause. The employer argued it had no duty to arbitrate this issue because the duty expired with the collective bargaining agreement. The Supreme Court disagreed and held that so long as the dispute arose under the collective bargaining agreement, the presumption of arbitrability survived the agreement's termination even though

the dispute ripened after the agreement had expired. The court stated as follows:

> The parties must be deemed to have been conscious of this policy when they agreed to resolve their contractual differences through arbitration. Consequently, the party's failure to exclude from arbitrability contract disputes arising after termination, far from manifesting an intent to have arbitration obligations cease with the agreement, affords a basis for concluding that they intended to arbitrate all grievances arising out of the contractual relationship. In short, where the dispute is over a provision of the expired agreement, the presumptions favoring arbitrability must be negated expressly or by clear implication.

430 U.S. at 255, 97 S.Ct. at 1074. *See also International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Telex Computer Products, Inc.*, 816 F.2d 519, 522 (10th Cir.1987) (parties are obligated to arbitrate dispute arising after expiration of collective bargaining agreement unless the obligation is negated expressly or by clear implication). *But see Chauffeurs, Teamsters, and Helpers v. C.R.S.T., Inc.*, 795 F.2d 1400, 1405 (8th Cir.1986) (en banc) (*Nolde* presumption inapplicable to postcontract terminations because the right involved, to be discharged for just cause, does not arise under the contract).

The union argues that the court should compel arbitration on the dispute at issue for two principal reasons. First, it argues that the company has a duty to arbitrate because its implementation of its last offer extended the arbitration provision of the expired collective bargaining agreement. Second, the union argues, assuming there was no extension, that arbitration is required because *Nolde* creates a presumption favoring postcontract arbitration.[1] In response, the company argues that implementation of its final offer neither created a new contract nor extended the old. It also argues there is no presumption favor-

ing postcontract arbitration under *Nolde* because the grievances neither arose under the expired collective bargaining agreement, nor did they arise within a reasonable time after its expiration.

■ An employer and a union may adopt a collective bargaining agreement without a signed contract by manifesting their intent to abide by and be bound by its terms. *NLRB v. Haberman Construction Company*, 641 F.2d 351, 355–56 (5th Cir.1981) (en banc). The parties' intention is determined objectively by their "manifested mutual assent." *United Paperworkers International Union v. Wells Badger Industries*, 835 F.2d 701, 703–04 (7th Cir.1987). In *United Paperworkers International*, the employer circulated two memoranda to its employees assuring them that all the provisions of their expired collective bargaining agreement not specifically modified would remain in effect. Because the prior collective bargaining agreement contained an arbitration provision, the court held that the parties intended the "original arbitration provision would extend beyond the expiration date of the contract." 835 F.2d at 704. The court reached the same holding in *Taft Broadcasting Co. v. NLRB*, 441 F.2d 1382, 1383–84 (8th Cir.1971), where it held that an interim agreement to arbitrate was created by the company sending a letter to the union stating that the grievance procedure contained in a draft agreement would be in effect until changed by negotiation.

■ The defendant attempts to distinguish *United Paperworkers International* from the case before the court by asserting "there is absolutely no evidence that the parties manifested any intention to be contractually bound...." Defendant's brief at 8. The court disagrees. In the case before it, the employer sent a letter to the union on June 4, 1987, stating that "all other provisions of the 1984 labor agreement not hereinbefore mentioned remain in effect under our offer." The letter con-

---

**1.** The union also argues that the court must compel arbitration because the dispute is covered by the arbitration provision of the expired agreement. This argument is relevant, however, only if the court determines that the arbitration provision was extended beyond or survived the expiration date of the collective bargaining agreement.

tained the company's "last and final offer," which did not mention the expired agreement's arbitration provision. The arbitration provision therefore remained in effect at all relevant times. The company's letter and the employee's continuation to work after the offer was made objectively manifest the parties' mutual assent. The court finds that the parties by their acts intended to abide and be bound by the unchanged terms of the expired collective bargaining agreement. Although the company did not circulate a second memorandum or agree to select an arbitrator, as did the employer in *United Paperworkers International*, the court finds these facts do not alter the legal relationship created between the parties on July 1, 1987, the date on which the company implemented its last and final offer.[2] In making this finding, the court is guided by the principles that "a collective bargaining agreement is not an ordinary contract," *John Wiley & Sons v. Livingston*, 376 U.S. 543, 550, 84 S.Ct. 909, 914, 11 L.Ed.2d 898 (1964), and that "[r]easoned flexibility in the application of contract law to the field of labor relations is necessary to fully effectuate the policies underlying federal labor law." *Capitol Hustings Co. v. NLRB*, 671 F.2d 237, 242 (7th Cir.1982). Because the court finds that the parties intended to be bound by the unchanged terms of their expired collective bargaining agreement, it will decline to determine whether the *Nolde* presumption favoring postcontract arbitration applies.

The dispute for arbitration is whether the employer had just cause to discharge 18 of its former striking employees. The collective bargaining agreement between the parties has a broad arbitration provision, providing for arbitrating discharges where the employee believes he was discharged without just cause. Under the Supreme Court's decision in *AT & T Technologies*, the court finds this dispute is plainly covered by the parties' agreement, and will accordingly order that this dispute be submitted to arbitration.

**2.** These facts were also notably absent in *Taft Broadcasting Co.*, 441 F.2d 1382. Despite their absence, the court found an interim agreement

NOW THEREFORE IT IS ORDERED that the defendant's cross-motion for summary judgment be DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be GRANTED.

IT IS FINALLY ORDERED that the defendant comply with the Article XX arbitration provision by taking to final and binding arbitration the unresolved grievances of its 18 former striking employees.

to arbitrate based on the letter the company sent to the union.